IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, August 13, 2004

## STATE FARM MUTUAL AUTO INS. CO., and its INSURED, LOUELLA McNUTT, v. GEORGE ANAGNOST

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-296-02      Hon. Dale C. Workman, Circuit Judge**

---

**No. E2003-00055-COA-R3-CV - FILED SEPTEMBER 7, 2004**

---

A suit for property damages resulting from a motor vehicle accident resulted in an award for damages based on a finding by the Trial Court that defendant was 75% at fault for the accident. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Mike G. Nassios, Knoxville, Tennessee for Appellant.

Jason E. Fisher, Knoxville, Tennessee, for Appellees.

## OPINION

This action to recover property damages for an automobile accident originated in the General Sessions Court, wherein plaintiffs sued defendant for $1,283.27. Defendant appealed the case to Circuit Court. After a trial *de novo*, the Court found that plaintiff's damages totaled $1,500, and the Court then apportioned 25% of the liability to the plaintiff and 75% to the defendant, and awarded Judgment of $1,125. But by the agreement of the parties, that amount was reduced to $962.45.

Defendant has appealed, insisting that finding defendant was 75% at fault for the

accident was against the preponderance of the evidence.

The Trial Court prepared and filed a Statement of Evidence for consideration on appeal.

The record shows that defendant exited a private drive in the City of Knoxville onto North Shore Drive, which is four lanes separated by a center two-way turn lane. Defendant testified that there were two large trucks to his left and he could not see the traffic lane where plaintiff was approaching. He testified that he could not see any oncoming traffic in the center turn lane, and drove the front of his vehicle into that lane and was struck by plaintiff. Plaintiff testified that she did not see defendant's vehicle until it came in front of her in the center turn lane. The Trial Court held that plaintiff was there to be seen and held the proof established that defendant "blindly" drove his vehicle into the path of plaintiff's vehicle and caused the collision.

We presume the Trial Court's factual findings are correct, unless the evidence preponderates against the Trial Court's finding. Tenn. R. App. P. 13(d).

The trier of fact has "considerable latitude in allocating the percentages of fault"in comparative fault cases, *Keaton v. Hancock County Board of Education*, 119 S.W.2d 218 (Tenn. Ct. App. 2003), and in this case the evidence does not preponderate against the allocation of fault determined by the Trial Court. Tenn. R. App. P. 13(d).

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to George Anagnost.

_____
HERSCHEL PICKENS FRANKS, P.J.
